IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY DISPENSA, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | No. 11-_____ |
| | : | |
| CITY OF PHILADELPHIA; OFFICER CHRISTOPHER BARFIELD, Badge No. 1390; OFFICER TYESHA MCLAUGHLIN, Badge No. 1331; and OFFICER JOHN DOE(s), | : : : : : | JURY TRIAL DEMANDED |
| | : | |
| Defendants. | : | |
| | : | |

## COMPLAINT

### PRELIMINARY STATEMENT

1. This is a civil rights action brought under 42 U.S.C. § 1983 and raising supplemental state-law claims concerning the actions of defendant Philadelphia Police Officers Barfield, McLaughlin, and Doe(s) in unlawfully arresting, maliciously prosecuting, and using excessive and unreasonable force against plaintiff Anthony DiSpensa. The actions and conduct of the defendant officers are the result of a policy, practice, custom, and deliberate indifference on the part of defendant City of Philadelphia.

### JURISDICTION

2. This Court has jurisdiction over the subject matter of this Complaint under 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331, 1343(a)(3), 1343(a)(4), and 1367(a).

### PARTIES

3. Plaintiff Anthony DiSpensa, age 30, was at all times relevant to this Complaint a resident of Philadelphia, Pennsylvania.

4. Defendant City of Philadelphia is a municipality in the Commonwealth of Pennsylvania and owns, operates, manages, directs, and controls the Philadelphia Police Department, which employs defendants Barfield, McLaughlin, and Doe(s).

5. Defendant Officer Christopher Barfield, Badge No. 1390, is and was at all times relevant to this Complaint an officer in the Philadelphia Police Department. He is sued in his individual capacity.

6. Defendant Officer Tyesha McLaughlin, Badge No. 1331, is and was at all times relevant to this Complaint an officer in the Philadelphia Police Department. She is sued in her individual capacity.

7. Defendant John Doe(s) is/are and was/were at all times relevant to this Complaint officer(s) in the Philadelphia Police Department. He/they is/are sued in his/their individual capacity(ies).

8. At all times relevant to this Complaint, all defendants acted in concert and conspiracy and were jointly and severally responsible for the harms caused to plaintiff.

9. At all times relevant to this Complaint, all defendants acted under color of state law.

## FACTUAL ALLEGATIONS

10. On the evening of March 11, 2009, plaintiff Anthony DiSpensa was walking on Oregon Avenue between 17th and 18th Streets.

11. As plaintiff walked down the street, he experienced a rapid onset of extreme difficulty breathing and began foaming at the mouth, likely as a result of plaintiff's serious anxiety disorder.

12. Plaintiff struggled to the center of the street in search of assistance, and attempted to flag down a SEPTA bus.

13. Plaintiff noticed a police car nearby, and approached the car.

14. Plaintiff fell on the hood of the police car, and repeatedly stated, "Oh my God, help me. I can't breathe, help me."

15. Defendant Barfield exited from the passenger side of the vehicle, and approached plaintiff, who repeated his plea for help.

16. In spite of plaintiff's obvious need of medical assistance, defendant Barfield grabbed plaintiff and pushed him back.

17. Defendant Barfield then began punching plaintiff and striking him in the head, legs, and arms with his ASP, a police-issued expandable metal baton.

18. While defendant Barfield was striking plaintiff, defendant McLaughlin exited the police car and began striking plaintiff with her baton.

19. Defendant Doe(s) arrived on the scene, and joined defendants Barfield and McLaughlin in attacking plaintiff.

20. To the extent defendant Doe(s) did not use force against plaintiff, that/those defendant(s) failed to intervene to protect plaintiff from the unlawful use of force by the other defendants.

21. After the beating ceased, the defendants shoved plaintiff into the back of a police car and held him in their custody.

22. Defendants seized from plaintiff a bottle of legally prescribed medication.

23. At no time during this incident did plaintiff use any force against the defendant officers, nor did he do anything that would have provided the officers with a legal basis to use force against him.

24. As a result of the defendant officers' use of force against him, plaintiff suffered serious physical injuries requiring hospitalization, including a laceration to his head which required several surgical staples.

25. After plaintiff was taken into custody, the defendants issued a criminal complaint against plaintiff falsely and maliciously charging him with aggravated assault, simple assault, recklessly endangering another person, resisting arrest, failure to disperse, obstructing a highway, disorderly conduct, and possession of a controlled substance, thus instituting a prosecution against plaintiff causing additional harm.

26. In the criminal charges brought against plaintiff, the defendant officers falsely alleged that at the time of the incident, plaintiff, rather than seeking help for a medical issue, yelled to the defendant officers, "I am God."

27. As a result of the false charges, plaintiff was required to retain an attorney and appear in court on multiple occasions, and plaintiff thus remained seized throughout the criminal prosecution.

28. Plaintiff was found not guilty of all charges on November 10, 2010, and the charges were thus terminated in plaintiff's favor.

29. At no time did plaintiff commit any offense in violation of the laws of the City of Philadelphia, the Commonwealth of Pennsylvania, or the United States.

30. There was no legal cause to justify the stop, detention, and/or arrest of plaintiff or the institution of charges against plaintiff.

31. There was no legal cause to justify the use of force against plaintiff, and the force used against plaintiff was unreasonable and excessive.

32. At all times relevant to this Complaint, the conduct of defendants Barfield, McLaughlin, and Doe(s) was in willful, reckless, and callous disregard of plaintiff's rights under federal and state law.

33. As a direct and proximate result of the conduct of all defendants, plaintiff suffered and continues to suffer physical and psychological harm, pain and suffering, some or all of which may be permanent, and financial losses.

## CAUSES OF ACTION

### Count I
### Plaintiff v. Defendants Barfield, McLaughlin, and Doe(s)
### Federal Constitutional Claims

34. The actions of defendants Barfield, McLaughlin, and Doe(s) violated plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unlawful arrest, the unlawful use of force, and malicious prosecution.

### Count II
### Plaintiff v. Defendant City of Philadelphia
### Federal Constitutional Claims

35. The violations of plaintiff's constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution, plaintiff's damages, and the conduct of the individual defendants were directly and proximately caused by the actions and/or inactions of defendant City of Philadelphia, which has encouraged, tolerated, ratified, and has been deliberately indifferent to the following policies, patterns, practices, and customs, and to the need for more or different training, supervision, investigation, or discipline in the areas of:

    a. Legal cause to stop, detain, arrest, and criminally charge a citizen;

5

b. The use of force by police officers;

c. The proper exercise of police powers, including but not limited to the making of an arrest, the use of force, and the bringing of criminal charges;

d. The monitoring of officers whom it knew or should have known were suffering from emotional and/or psychological problems that impaired their ability to function as officers;

e. The failure to identify and take remedial or disciplinary action against police officers who were the subject of prior civilian or internal complaints of misconduct;

f. Police officers' use of their status as police officers to employ the use of force or to achieve ends not reasonably related to their police duties;

g. The failure of police officers to follow established policies, procedures, directives, and instructions regarding arrests, the use of force, and the institution of criminal charges under such circumstances as presented by this case;

h. The failure to properly sanction or discipline officers who are aware of and conceal and/or aid and abet violations of constitutional rights of citizens by other Philadelphia police officers;

i. The failure to recognize and properly address citizens exhibiting symptoms of mental health conditions; and

j. The practice among Philadelphia police officers of instituting false charges against individuals whom the officers have subjected to unlawful force with the intention of precluding such individuals from instituting civil claims.

## Count III
### Plaintiff v. Defendants Barfield, McLaughlin, and Doe(s)
### State Law Claims

36. The actions of defendants Barfield, McLaughlin, and Doe(s) constitute the torts of assault, battery, false arrest, false imprisonment, and malicious prosecution under the laws of the Commonwealth of Pennsylvania.

**Wherefore**, plaintiff respectfully requests:

A. Compensatory damages as to all defendants;

B. Punitive damages as to defendants Barfield, McLaughlin, and Doe(s);

C. Reasonable attorneys' fees and costs as to all defendants;

D. Such other and further relief as may appear just and appropriate.

Plaintiff hereby demands a jury trial.

_____
Jonathan H. Feinberg
I.D. No. 88227
KAIRYS, RUDOVSKY, MESSING & FEINBERG LLP
The Cast Iron Building
718 Arch Street, Suite 501 South
Philadelphia, PA  19106
215-925-4400
215-925-5365 (fax)
jfeinberg@krlawphila.com

*Counsel for Plaintiff*